Randall K. Rathbun #09765
Depew Gillen Rathbun & McInteer LC
8301 E. 21st Street, Suite 450
Wichita, KS  67206-2936
Telephone:  (316) 262-4000
Fax: (316) 265-3819
Email: randy@depewgillen.com

# In The United States District Court
## District of Kansas

| | |
|---|---|
| KENT RICHARDSON and BRIAN WILLIAMSON | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No.: ) |
| FAGRON HOLDINGS USA, LLC and FAGRON BV | ) ) ) |
| Defendant. | ) ) |

## Complaint

COME NOW the plaintiffs and for their causes of action against the defendants, allege and state as follows:

1. The plaintiffs are residents of the state of Kansas and were former members of the Kansas limited liability company, JCB Laboratories, LLC ("JCB").

2. The defendant Fagron Holdings USA, LLC ("Fagron USA") is a Delaware limited liability company with a principal place of business in St. Paul, Minnesota. Fagron USA is transacting business in the state of Kansas but has not been authorized by the Kansas Secretary of State to do so.

3. Fagron BV ("Fagron") is a Dutch company which drives operations of all Fagron companies. The corporate offices of Fagron BV are located in Rotterdam. Fagron holds itself out as a scientific pharmaceutical R&D company that focuses on optimizing and innovating customized pharmaceutical care. Fagron claims to provide Fagron Specialty Pharma Services, Fagron Trademarks and Fagron Essentials to pharmacies, clinics and hospitals in 32 countries worldwide. On December 14, 2015, Johannes Stols was appointed CEO of Fagron.

4. This action involves a dispute between citizens of different states and the amount in controversy is in excess of $75,000. Accordingly this Court's jurisdiction is invoked under 28 USC §1332. Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim occurred in this judicial district.

5. On November 25, 2013 Fagron USA and the plaintiffs entered into a membership interest purchase agreement ("Agreement") in which the plaintiffs and two other owners jointly sold all of their interests in JCB Laboratories, LLC to Fagron USA.

6. The Agreement provides that the plaintiffs will be paid additional compensation for their interests based upon the company's performance in 2015 and 2016. The additional compensation was to be based upon JCB's EBITDA, a common and widely used accounting measurement to assess the performance of a company's profitability.

7. EBITDA is defined in the Agreement as follows:

> EBITDA means, for the applicable fiscal year, using results and expenses taken from the financial statements of the Company so long as such financial statements are prepared consistent with GAAP and the Company's historical accounting practices consistently applied and this Agreement, the following calculation: income before provision for income taxes, plus interest expense, less interest income, plus depreciation and amortization, plus any out-of-pocket expenses arising solely from the Transaction charged to income in such fiscal year (and specifically excluding any allocation of executive or personnel costs). In addition, any expenses of Purchaser or its Affiliates that are included in the Company's income statement will be excluded for purposes of EBITDA calculation. EBITDA shall exclude the results attributable to other business acquisitions occurring after Closing unless such acquisitions are approved by both Purchaser and Brian Williamson and after acquisition managed by the Company's management team.

8. After the sale, JCB Laboratories, LLC has continued to be a cash cow for the defendants which perennially provides positive cash flow.

9. Unfortunately, the defendants' other business interests have not fared so well. Fagron's stock share price has plummeted from in excess of € 40 in August, 2015 to a current price hovering around € 5.

10. The 2016 Purchase Price to be paid by Fagron USA to the plaintiffs under Section 2.2(c) of the Agreement was contingent on JCB's FY2015 EBIDTA. Pursuant to an Allocation and Contribution Agreement among the Sellers, the 2016 Purchase Price is to be paid entirely to the plaintiffs.

11.     In order to implement this provision, Section 2.4(c)(i) of the Agreement required that on or before January 31, 2016, Fagron USA prepare and deliver to the plaintiffs a statement of FY2015 EBIDTA.  The defendants have ignored both this requirement and demands from plaintiffs that they live up to their obligations under the Agreement.

12.     During 2015, a number of extraordinary events outside the ordinary course of business occurred at JCB.  The dominant extraordinary event was the decision by the defendants to start a new and larger company Fagron Compounding Services, LLC, dba, Fagron Sterile Services ("FSS").  While the plaintiffs concede that this may have been a good business move for Fagron, it was certainly not within the ordinary course of business of JCB.  During the course of the year, significant portions of JCB's time and materials were spent in developing the FSS project.  These expenditures are properly capitalized as FSS capital costs and should not be included as expenditures incurred in the ordinary course of JCB.

13.     The plaintiffs were led to believe that a correction would be made to JCB's 2015 EBIDTA to take into consideration the FSS project.  In December, 2015, the plaintiffs e-mailed Fagron an estimated correction list and on January 18, 2016, provided Fagron a statement of the anticipated adjustment items with the approximate amounts of each.

4

14. The defendants' response to the plaintiffs' demand that they comply with their contractual obligations has been a thumb to the nose. The defendants' response to the data provided by the plaintiffs has been verbal statements by Fagron's Rotterdam lawyer, Johan Verlinden, and Mr. Stols, that Fagron would not pay Sellers any 2016 Purchase Price. This is directly contrary to the Agreement and appears to be related to internal problems Fagron has suffered on its other U.S. and non-U.S. ventures. These problems are totally unrelated to JCB.

15. The plaintiffs have requested access to general financial data of the Company in accordance with 2.4(d) of the Agreement. That access was denied in spite of requirements in the Agreement that the defendants provide this data, act in good faith, and cooperate. In spite of this denial, the plaintiffs have been able to obtain some data which is believed to be reasonably accurate as far as it goes.

16. The plaintiffs have provided the data referred to immediately above to an independent accounting firm, and asked that firm to determine the *pro forma* adjustments which should be made to establish the FY2015 EBIDTA and 2016 Purchase Price. Based upon that analysis, the accountants determined that, in accordance with Section 2.2(c) of the Agreement, the plaintiffs are entitled to Six Million Dollars ($6,000,000) as the 2016 Purchase Price. This purchase price was due under the Agreement in immediately available funds on or before January 31, 2016. Fagron is in default under the Agreement.

17. The defendants have breached both express and implied covenants of the Agreement. Fagron has interfered with the contractual relations between the plaintiff and Fagron USA as Fagron USA's actions in this matter have been entirely controlled by direction from Fagron.

WHEREFORE the plaintiffs respectfully pray for a judgment in excess of $75,000, plus their costs, and any further relief this Court would deem just or equitable.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

s/Randall K. Rathbun
Randall K. Rathbun #09765
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
Telephone: (316) 262-4000
Fax: (316) 265-3819
Email: randy@depewgillen.com
*Attorneys for Plaintiffs*

**DESIGNATION OF PLACE OF TRIAL**

COME NOW the plaintiffs and designate Wichita, Kansas, as the place of the trial of this action.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

s/Randall K. Rathbun
Randall K. Rathbun #09765
*Attorneys for Plaintiffs*

## REQUEST FOR JURY TRIAL

COME NOW the plaintiffs and respectfully request a trial by jury with regard to the above-captioned action.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

s/Randall K. Rathbun
Randall K. Rathbun, #09765
*Attorneys for Plaintiffs*